*Law Library*

## IN THE SUPERIOR COURT OF GUAM

THOMAS MATTHEW BUCKLEY, )
)
        Plaintiff, )
)
    vs. )
)
SHAVER G. SONTILLANOSA, et. al, )
)
        Defendants. )
)

**CIVIL CASE NO. CV0107-12**

**DECISION AND ORDER**

THIS MATTER came before the Honorable James L. Canto II on August 14, 2013 for a Pre-Trial Conference and a hearing on a *Motion to Dismiss or in the Alternative for an Order to Compel & for Sanctions* ("Motion") pursuant to Guam Rules of Civil Procedure Rule 41(b), filed by Defendant Dongbu Insurance Company, Ltd. ("Dongbu") on June 24, 2013. Present in court were Attorney Curtis VanDeVeld for Plaintiff and Attorney Martin Deinheart appearing on behalf of movant Dongbu. Although at that time counsel for Plaintiff failed to file any opposition to the motion, the court allowed counsel additional time to do so. Plaintiff filed a written opposition to the motion on August 22, 2013. The court finds that oral argument is not necessary and would lend nothing to advance a determination on this matter. Thus, having considered the parties' briefs and the applicable law, the court now issues the following Decision and Order.

### BACKGROUND

Plaintiff filed this action on January 20, 2012. The court set a status hearing for April 11, 2012, at which time counsel for Plaintiff informed the court he had not served any of the defendants with the complaint and summons. Counsel for Plaintiff requested a continuance, and the court set another status hearing on June 20, 2012. On that date, Plaintiff apparently still had not served any of the defendants with the complaint and summons, and counsel for Plaintiff

requested yet another continuance. The court set a scheduling conference for August 15, 2012, and the court issued a written scheduling conference notice that same date, directing Plaintiff to seek agreement with Defendants and consequently submit a proposed scheduling order and discovery plan by August 8, 2012.

At the scheduling conference, it became apparent that Plaintiff failed to obtain any agreement with Defendants or file any proposed scheduling order and discovery plan. Thus the court instructed counsel for Plaintiff to prepare a proposed scheduling order, and the court continued the scheduling hearing to September 17, 2012. Also at that hearing, counsel for Defendant Goodwind Development Corporation ("Goodwind") informed the court he had filed a motion to dismiss, and the court set a hearing on that motion for September 17, 2012 as well. Finally, counsel for Dongbu requested the court order discovery to commence immediately because, though Plaintiff had failed to confer with Defendants to produce a discovery plan, the case was already seven months old. The court granted this request and ordered discovery to commence immediately.

On September 17, 2012 the parties appeared; however, Plaintiff failed to file any opposition to Defendant Goodwind's motion to dismiss. Counsel for Plaintiff stated he would be filing a motion to amend the complaint to cure the basis for the dismissal of Defendant Goodwind. To date, no such motion has ever been filed. Also, counsel for Plaintiff disobeyed the court's instructions and again failed to confer with Defendants to produce a proposed scheduling order and discovery plan. Counsel for Defendant Dongbu complained for the record about counsel for Plaintiff's inaction in this regard. Defendants requested the court set trial in the matter within the court's administrative deadlines. The court set trial for May 15, 2013, with a pretrial conference to take place May 1, 2013, and a hearing on all motions to occur April 22, 2013. The court further directed the parties to agree on a motion cut-off date and discovery cut-off date, and that counsel for Plaintiff submit those dates to the court in writing with a discovery plan. Those documents were never submitted to the court. Movant Dongbu asserts that counsel for Plaintiff never circulated a draft to the Defendants to arrive at such documents (Motion, p.2).

Movant Dongbu also asserts that on November 19, 2012 counsel for Dongbu served interrogatories and a request for production of documents on counsel for Plaintiff pursuant to Guam Rules of Civil Procedure ("GRCP") Rule 33 (Motion, p.2). Dongbu indicates that, though responses to those discovery requests were due on December 21, 2012, Plaintiff has never responded to the interrogatories or the request for production of documents (Motion, p.2).

Parties appeared for the hearing on all motions on April 22, 2013. Plaintiff himself was personally present at that hearing. Counsel for Plaintiff asked for additional time to conduct discovery and reported Plaintiff had previously been assaulted and was hospitalized for his injuries. Counsel for plaintiff requested trial be rescheduled from May to November. The court ordered counsel for Plaintiff to file a written motion with supporting facts requesting the postponement of trial, but until such time, the pretrial conference would still occur on May 1, 2013. Plaintiff never filed with the court any motion to continue trial.

Despite never receiving any motion from Plaintiff to continue the trial, the court vacated the May 15, 2013 trial date and, on May 14, 2013, issued in writing a new trial date for August 26, 2013, with a pretrial conference set for August 14, 2013.

Defendant Dongbu, in its Motion, reports that counsel for Dongbu was prevented from conducting a deposition of Plaintiff because counsel for Plaintiff failed to appear at the noticed deposition on June 21, 2013. Three days later, Dongbu filed its motion to dismiss pursuant to GRCP Rules 41(b) & 37. The court set the motion for hearing on August 14, 2013, the date of the pretrial conference. Though he was served with the motion on June 24, 2013, counsel for Plaintiff did not file any opposition to the motion as of the date of the motion hearing on August 14, 2013.

At the August 14, 2013 hearing on Dongbu's motion to dismiss, counsel for Plaintiff requested a continuance and additional time to file a written opposition. Plaintiff was not present at the hearing; however counsel for Plaintiff proceeded to inform the court he would be moving to withdraw from the case, complaining that his client lied to him about the facts underlying the action itself. The court again vacated trial and allowed counsel for Plaintiff additional time until August 22, 2013 to file a written opposition to Dongbu's dismissal motion.

On August 22, 2013, Plaintiff filed his *Opposition to Defendant Dongbu Ins. Co. Ltd's Motion to Dismiss for in the Alternative for a Motion to Compel and for Sanctions and Motion for Continuation of Trial* ("Opposition") with a supporting declaration made by Plaintiff's counsel.

## DISCUSSION

The court is led by *Park v. Kawashima*, 2010 Guam 10, which lists five factors to determine whether dismissal is appropriate under GRCP Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Park*, 2010 Guam 10 ¶ 10, *quoting Santos v. Carney*, 1997 Guam 4. The Court states dismissal is appropriate if four of these five factors favor dismissal, or if three of them "strongly" favor dismissal. *Id.* "The burden is on the plaintiff to show the delay is reasonable and that the defendant is not prejudiced by the delay." *Id.* at ¶ 11. The court is also subject to Guam Supreme Court Administrative Rule Nos. AR06-001 and AR13-003.

### 1. Public's Interest in Expeditious Resolution of Litigation and the Court's Need to Manage its Docket.

The Court in *Park* found that the public's interest in expeditious resolution of litigation and the court's need to manage its docket are two factors which may generally be considered together. *Park*, at ¶ 13. Here, Plaintiff has demonstrated an unwillingness to prosecute his case. It took Plaintiff approximately five months to serve the complaint and summons upon any of the defendants, and after requesting two continuances of hearings before this court in order to do so. Plaintiff filed virtually no documents whatsoever in this case in furtherance of the action, except for a complaint, a summons, a three-page opposition to the instant motion, and a two-page declaration by counsel. Plaintiff failed to file any opposition to a motion to dismiss Defendant Goodwind, though this court did grant leave to Plaintiff to file an amended complaint to correct the basis for dismissal. Counsel for Plaintiff promised at the hearing on that motion to file such an amended complaint, yet failed to ever do so. Further, Plaintiff failed to file any opposition to the present motion to dismiss, until counsel for plaintiff appeared at the hearing on this motion requesting a continuance and additional time to file said opposition. In that Opposition,

Plaintiff styled his caption to include a "motion for continuation of trial." However, the "motion" seems an afterthought as part of the opposition; it is not formulated as a separate motion; it lacks any cited authority in support of the "motion"; and counsel failed to follow any court rules regarding motion practice, such as by filing a CVR 7.1 Form 1. Finally, after a number of continued scheduling conferences, Plaintiff repeatedly failed to file any proposed scheduling order or discovery plan with the court, and never did file these documents with the court. In the absence of any proposed scheduling order, the court was prompted to set trial dates in the matter, which the court had to vacate because Plaintiff's counsel requested trial be continued. The court vacated that trial date despite that counsel for Plaintiff failed to follow the court's instruction to file a motion supporting the request to continue trial. Now that the court rescheduled trial, Plaintiff's counsel is once again requesting the court vacate and continue that trial six months beyond the court's administrative deadline to bring the case to disposition.

Plaintiff does not dispute the motion to dismiss by Dongbu, other than to offer two explanations for his delay. The first reason given is that counsel for Plaintiff has been busy in a trial but only since June 2013 (Decl. of counsel, p.2). The second reason offered for delay is that Plaintiff reports he was assaulted "near the start of December 2012 and was hospitalized for several months." (Opposition, p.2). Unfortunately, Plaintiff neglects to present any evidence to prove this assertion or specify the actual duration of Plaintiff's hospitalization to show it greatly interfered with his ability to prosecute his action. Further, Plaintiff fails to argue that the nature of his injuries incapacitated him to the extent that he was incapable of communicating with his attorney. Plaintiff did not even bother to file a sworn affidavit to corroborate his attorney's claims regarding his hospitalization. Plaintiff previously failed to submit this exact evidence when the court ordered it in the form of a motion to continue trial, and Plaintiff continues to fail to produce any such evidence in the face of a motion to dismiss. The court notes Plaintiff was physically present in court on April 22, 2013 and appeared to be in normal health. Regardless, this would not explain the lack of any prosecutorial action in the ten months from February 2012 to December 2012 before the alleged infirmity, or for that same inaction in the four

months from April 2013, when Plaintiff was clearly not hospitalized because he appeared in court, to the present.

Given the Plaintiff's neglect to do anything to advance his action; his counsel's failure to follow the civil procedure rules, local court rules, and this court's instructions; and this court's obligations under Guam Supreme Court Administrative Rules AR06-001 and AR13-003; the court finds Plaintiff's delay greatly interferes with the public interest in expeditious litigation resolution and the court's docket management such that dismissal is strongly supported as to each of these two factors.

## 2. Risk of Prejudice to Defendant Dongbu.

As it applies to GRCP Rule 41(b), the Guam Supreme Court holds that actual prejudice to the moving party need not be shown because "once a delay is determined to be unreasonable, prejudice is presumed." *Park*, 2010 Guam 10 at ¶ 21. The court surmises this principle is derived from the difficulty in defending against a stale claim where, over time, evidence becomes harder to discover and witnesses' memories naturally disintegrate. The prejudice to Defendant Dongbu due to Plaintiff's prosecutorial delay is compounded by the fact that Dongbu attempted to preserve testimony by deposing the Plaintiff himself. Unfortunately, Dongbu asserts that counsel for Plaintiff, without notice or explanation, failed to appear at a scheduled deposition of his client, and thus Dongbu was prevented from deposing Plaintiff (Motion, p.4). Plaintiff did not dispute this assertion by Dongbu in his Opposition. Further prejudice was borne upon Dongbu in that Plaintiff refuses to answer Dongbu's interrogatories and request for production of documents since they were served over 10 months ago (Motion, pp.2-3). Ultimately, the advancement of Plaintiff's claims to a resolution at trial is the only discernible reason that a final resolution has not been reached. Accordingly, this factor of prejudice to Defendant Dongbu also weighs strongly in favor of dismissal.

## 3. Public Policy Favoring Disposition on the Merits.

Regarding the public policy favoring disposition on the merits in the context of GRCP Rule 41(b), the Guam Supreme Court has ruled:

> Although public policy always favors a resolution of cases on their merits …
> "it must be weighed against the first two factors, the expeditious resolution of

litigation and the court's need to manage its docket." ... "[I]t is sufficient to demonstrate that the plaintiff has ignored his responsibilities to the court in prosecuting the action and the defendant had suffered prejudice as a result thereof." ... Furthermore, this policy "should not be used defensively as a shield by a passive Plaintiff who has failed in his obligation to prosecute the defendants with the vigor expected of a plaintiff."

*Park*, 2010 Guam 10 at ¶¶ 22-23 (internal citations omitted).

For the reasons stated above, Plaintiff here has ignored his responsibilities to the court in prosecuting this case and, because of this delay, Dongbu has suffered prejudice due to having to defend against an increasingly stale claim. Additional prejudice is found in that Plaintiff's counsel blocked Dongbu's attempt to conduct discovery through a deposition of the Plaintiff, and has continued to refuse to answer Dongbu's interrogatories and request for production of documents for over 10 months now (Motion, pp.2-3, 4). These are examples of dilatory behavior by Plaintiff and/or his counsel as part of an overall failure to diligently prosecute the action. Further, Plaintiff fails to argue, much less show, how in this case the public policy favoring disposition on the merits outweighs the Public's interest in expeditious resolution of litigation and the court's need to manage its docket. Thus this factor also weighs in favor of dismissal.

### 4. Availability of Less Drastic Sanctions.

Regarding the use of less drastic sanctions other than dismissal in light of a GRCP Rule 41(b) motion, the Guam Supreme Court holds:

"The trial court is not required to impose lesser sanctions, when the rules do not so provide, and when to do so would encourage neglect and noncompliance with the Guam Rules of Civil Procedure." ... A trial court is not required to examine every single alternate remedy in deciding if sanction of dismissal is appropriate. Rather, "the reasonable exploration of possible and meaningful alternatives is all that is required."

*Park*, 2010 Guam 10 at ¶ 24 (internal citations omitted).

This court has considered all possible alternate sanctions short of dismissal and finds that none would adequately address the magnitude of inaction and neglect of court rules demonstrated by Plaintiff in this case. In the case at bar, Plaintiff: (1) never submitted any proposed scheduling order or discovery plan, even after directly instructed to do so by this

court; (2) failed to oppose a motion to dismiss one defendant, Goodwind; (3) failed to file an amended complaint as promised to cure the dismissal of Defendant Goodwind; (4) never responded to interrogatories and request for production of documents served over 10 months ago; (5) never filed a supported motion to continue trial as directly instructed by this court; (6) ignored a noticed deposition; (7) took five months to even serve Defendants with the complaint and summons; (8) failed to timely file an opposition to the present motion to dismiss, only requesting to do so at the hearing on the motion, which Plaintiff also asked be continued; (9) caused the court to vacate trial twice due to Plaintiff's requests to continue the trial date; and (10) never reported having conducted any discovery on the case, or even any settlement discussions in lieu of conducting discovery.

The court finds that the imposition of a lesser sanction than dismissal, such as monetary sanctions, would only serve to condone and promote the inaction and delay of Plaintiff. The behavior detailed above, coupled with counsel for Plaintiff's explanations that he is just too busy to prosecute this case, illustrates why a sanction short of dismissal would be inadequate and ineffectual. Plaintiff's reasons given for the delay -- an unsupported and vague claim of temporary hospitalization that does not even allege an inability to communicate with his attorney; and that his attorney is too preoccupied to advance the action – highlight why dismissal is the appropriate sanction in this context. Plaintiff fails to establish the reasonableness of his delay, and he does not even attempt to rebut the presumption of prejudice to movant arising from his delay. This court acknowledges that dismissal is a harsh penalty; however, the court arrives at this sanction only after first weighing all the necessary factors and finding these factors support dismissal. This last factor supports dismissal as well.

\\\

\\\

\\\

## CONCLUSION

Based upon the foregoing, Defendant Dongbu's motion to dismiss is hereby GRANTED and **Civil Case No. CV0107-12 is hereby DISMISSED in its entirety**, pursuant to Guam Rules of Civil Procedure Rule 41(b), for the failure of Plaintiff to prosecute his action. This dismissal operates as an adjudication on the merits.

**SO ORDERED this** _25TH_ **day of August, 2012.**

_____
**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at Hagåtña, Guam

AUG 2 8 2013

James R. Borja
Deputy Clerk, Superior Court of Guam